O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:20-cv-00910-ODW** |
|            Plaintiff   ) | 2:15-cr-00112-ODW |
| v. | ORDER DENYING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE [DE-1] |
| JAMES EDWARD FIGUEROA, ) | |
|            Defendant.   ) | |
| _____ ) | |

## I.    INTRODUCTION

The January 2015 Grand Jury returned a single count Indictment in which Figueroa, ("defendant")  was solely names. It was alleged that on April 30, 2013, Figueroa knowingly and intentionally distributed approximately 433.3 grams of methamphetamine, a Schedule II controlled substance.

On September 16, 2016, defendant Figueroa pled guilty to Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). On December 16, 2016 he was sentenced to 160 in prison.  On July 11, 2018 the Court of Appeals affirmed his conviction and his sentence.  (DE-66)       He now

After carefully considering the papers filed in support of and in opposition to the Motions, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

seeks to have that sentence corrected, vacated or set aside. For the reasons discussed below, that motion is without merit and is therefore denied.++

## II.  FACTUAL BACKGROUND

On August 30, 2013 Defendant Figueroa sold approximately 433 grams of actual methamphetamine to a confidential government informant ("CI") who defendant Figueroa believed to be a narcotics customer. The CI provided Defendant Figueroa with $8,000 in exchange for the methamphetamine

## III.  CLAIMS OF ERROR

A. The appeal waivers were inadequate. He apparently argues that the waiver of the right to challenge the calculations used to determine and impose any portion of the sentence ("violates Fed.R.Crim.P. 52(b) which provides that plain error may be considered even if not brought to the court's attention."

B. Argues that the government's evidence does not support the allegation that he is charged with distributing 433 g of actual methamphetamine.

C. Argues that 433g of a mixture or substance containing methamphetamine equates to 43.3g of actual methamphetamine. Because 21 USC 841(b)(1)(viii) and the 10 year mandatory minimum sentence is triggered at 50g or more of methamphetamine, the statute should be construed to mean 50 g or more of actual methamphetamine.

D. District Court did not advise him that the government had the right to prosecute him for any willfully false statements made under oath.

E. There is a discrepancy in the date of offense as stated in the Indictment and the date stated in the Plea Agreement. April 30, 2013 versus August 30, 2013

F. Waiver of appeal of sentence, generally, failed to comply with the requirements of Rule 11(b)(1)(N).

## IV.   LEGAL STANDARD

Rule 52 of the Federal Rules of Criminal P provides that error is either harmless, i.e. an error, defect, irregularity or variance that does not affect asubstantial right must be disregarded; and plain error that affects substantial rights and  may be considered even though it was not brought to the court's attention. (See Rule 52(a) and (b).)

## V. DISCUSSION

1,     ADEQUACY OF APPELLATE WAIVERS

Figueroa argues that the government's evidence does not support the allegation that he is charged with distributing  433 g of actual methamphetamine. That may or may not be the case.  This matter did not go to trial therefore the government did not have the opportunity to introduce its evidence.  However, that was not necessary since Figueroa admitted the allegations in the indictment.  In point of fact, the indictment charges that "James Edward Figueroa knowingly and intentionally distributed at least 50 grams, that is, approximately 433.3 grams, of methamphetamine, a Schedule II controlled substance." (Indictment returned by the January 2015 Grand Jury).   Thus, this argument fails.   The indictment specifically identifies both the type of drug and the quantity.   Moreover, he expressly waived his right to have a jury make this determination.

 Figueroa  admitted both the type and quantity of drugs during the change of plea hearing.  For example, he was asked the following questions and supplied the following answers, under oath:

THE COURT : You should also understand that if this case went to trial, the government would be required to prove to the trier of fact beyond a reasonable doubt, that the quantity of methamphetamine involved in this case was at least 50 grams, specifically, 433.3 grams.

In other words, you have the right to have a jury determine the total amount of drugs as charged.

**Now, do you admit that the drug offense to which you are intending to plead guilty involved a quantity of methamphetamine in excess of 50 grams?**
**THE DEFENDANT: Yes.**

THE COURT: Do you waive your right to have a jury determine the amount of drugs as charged in the indictment?
THE DEFENDANT: Yes.

Next, Figueroa asserts that he was not advised that the government had the right to prosecute him for making false statements, under oath, during the hearing. Indeed when he was placed under oath he was admonished that if it were later determined that he had made willfully false statements in response to the Court's questions, he might face a future prosecution for perjury or making false statements. The relevance of this point is lost on the Court, even if he is at this time admitting to having made false statements under oath, he is not being prosecuted for perjury or having made false statements.

There is in fact a typographical error in the plea agreement with respect to the dates of the offense. The Indictment states April 30 and the plea agreement mistakenly states August 30. The error is immaterial and is harmless error.

Lastly, he contends that the appellate waivers failed to comply with Rule 11. That is not so. Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure provides that during the plea colloquy, "the court must inform the defendant of, and determine that the defendant understands, . . .(N)  The terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence [.]" He goes on to argue "Where there is a wholesale failure to comply with that rule at the plea colloquy, the court will not enforce the plea waiver. *United States v. Arellano-Gallegos*, 387 F.3d 794, 796-797 (9th Cir.2004). Though not explicitly alleged, the implication is that he was not informed of his appellate rights related to mounting a collateral attack on his sentence. The transcript of the hearing at which he plead guilty belies that assertion.
THE COURT: Alright. Let's now turn the page, take a look at Paragraph 19. Now, Paragraph 19 is a bit more involved. It appears under the heading, "limited mutual waiver of appeal of sentence."
Now a few moments ago, the prosecutor went over the various penalties you face. She talked about the maximum term of imprisonment, the mandatory minimum term of imprisonment, the maximum fine which could be imposed, the

special assessment which must be imposed.  She talked about supervised release, and the various terms and conditions imposed under supervised release.  These things are all elements of your sentence.

What this paragraph says is you are giving up your right to appeal all of these various aspects of your sentence so long as the Court imposes a term of imprisonment of no more than 175 months.[2]

**Now is that your understanding of this paragraph?**

**THE DEFENDANT:  Yes .**

THE COURT: Now, these last two paragraphs I have just discussed can be referred to as your appellate rights.  Your rights of appeal.  You are agreeing to limit or give up some of your rights of appeal.  These are important rights.  Now, did you talk to your attorney about this?

THE DEFENDANT: Yes.

THE COURT : That gives me no confidence, but, all right.

**And did you voluntarily agree to waive or give up – waive or limit your rights of appeal; freely and voluntarily, and in part, based upon discussions you have had with your attorney?**

**THE DEFENDANT: Yes.**

THE COURT: Okay.  Thank you.

. . .

Mr. Meza, pages 12 and 14 of the agreement would appear to bear your signature; is that correct?

MR. MEZA: Yes.

THE COURT: Also dated August 30th, can I assume that your client signed the agreement in your presence?

MR. MEZA: Yes.

THE COURT: And did you discuss the contents of this agreement with your client before he signed it?

MR. MEZA:  Yes.

Later in this same hearing, the Court further questioned Mr. Figueroa.

THE COURT:   Do you believe you understood or understand everything that has happened here this afternoon, including everything that has been said by the Court and by the lawyers?

THE DEFENDANT:   Yes.

---

[2] Figueroa was sentenced to a prison term of 160 months.  Therefore, per the terms of the waiver agreement, he has expressly waived his right to bring the instant motion to correct, set aside or vacate his sentence.

Immediately after Mr. Figueroa formally acknowledged that he was pleading guilty because he did the things charged in the indictment, the Court then questioned the attorneys:

THE COURT: Does either counsel wish the Court to make any further inquiry in terms of compliance with Rule 11(b)?

MS. EL-AMAMY: No, Your Honor.

THE COURT: Mr. Meza?

MR. MEZA: No.

(Official transcript of the Change of Plea Proceedings on Friday September 16, 2016, DE-60, pp 21-22, 27.)

## VI. CONCLUSION

Figueroa's claims of error utterly lack merit, as evidenced by the record. The requirements of Rule 11 were fully met and there is no basis for him to argue otherwise. Therefore, his request to correct, vacate or set aside his sentence is DENIED. The Ex Parte Motion [8] is DENIED.

**IT IS SO ORDERED.**

April 22, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**